NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DARREL LEE WILBER,**
*Plaintiff-Appellant,*

v.

**UNITED STATES,**
*Defendant-Appellee.*

---

2012-1284

---

Appeal from the United States District Court for the Eastern District of Missouri in case no. 11-CV-1736, Judge Jean C. Hamilton.

---

PER CURIAM.

## ORDER

Upon review of the United States' response to this court's show cause order and the parties' briefs, this court considers whether the district court's dismissal of Darrel Lee Wilber's appeal should be summarily affirmed.

This case is the latest in a long series of frivolous suits by Wilber against the United States and the Black & Decker Corporation involving Wilber's alleged intellec-

tual property rights. *See, e.g., Wilber v. United States*, 10-CV-700 (D.D.C. May 4, 2010); *Wilber v. Patent Comm'r*, 05-CV-2048 (C.D. Ill. June 29, 2005); *Wilber v. Any Officer Thereof U.S.A.*, 04-CV-2238 (C.D. Ill. Jan. 28, 2005); *Wilber v. Archibald*, 92-CV-1206 (N.D. Ga. Aug. 14, 1992).

Wilber filed the underlying complaint in the United States District Court for the Eastern District of Missouri, asserting that he is a "Bona Fide Originate First Pioneering Inventor," but has not been given a patent due to "ruthless delay for almost Twenty years." The complaint also suggested that Wilber had invented "flush cutting jig saws" and appears to allege misconduct against Black & Decker related to not licensing his invention. As the government points out in its brief, however, there is no allegation in the complaint that Wilber has ever filed a patent application, and portions of Wilber's own pleadings describe his inventions to Black & Decker as unpatented.

After giving Wilber an opportunity to amend his original complaint, which the district court found "incomprehensible," on January 21, 2012 the district court issued an order dismissing Wilber's case, stating that the amended complaint "does not illuminate plaintiff's claims or state a basis for federal court jurisdiction." The court explained that although Wilber had brought suit against the United States, the complaint showed "neither a waiver of the United States' sovereign immunity nor a basis for [the district court's] jurisdiction." Wilber then filed this appeal.

Wilber's informal brief is just as difficult to decipher as his district court filings. He appears to make the same arguments as in his complaint and amended complaint, namely, that the trial court erred in failing to consider that he had "yet to receive [his] very first patents" or to

"receive any exemplary damages," and that "the court has yet failed to address the malicious mischief involved."

Even a liberal construction of Wilber's complaint fails to provide any basis upon which to discern that he could bring a suit against the United States in federal district court. Because the district court's dismissal of Wilber's case was so clearly correct, we summarily affirm. *See Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) ("[S]ummary disposition is appropriate, *inter alia*, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." (citation omitted)).

Accordingly,

IT IS ORDERED THAT:

(1) The decision of the United States District Court for the Eastern District of Missouri is summarily affirmed.

(2) Each side shall bear its own costs.

FOR THE COURT

___AUG 1 3 2012___
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc: Darrell Lee Wilber
    John J. Fargo, Esq.

s23

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

AUG 1 3 2012

JAN HORBALY
CLERK